[Cite as *Williams v. Ohio Dept. of Transp.*, 2010-Ohio-4227.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JORDAN N. WILLIAMS

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-02502-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Jordan N. Williams, filed this action against defendant, Department of Transportation (ODOT), contending that her 2000 Honda Accord was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous roadway condition on Interstate 75 North in Warren County. Specifically, plaintiff noted the right front tire, right front rim, and front bumper on her car were damaged when the vehicle struck a pothole located in the far left lane of Interstate 75 after she "had passed Traders World in Lebanon." Plaintiff recalled her damage incident occurred on January 11, 2010 at approximately 7:30 p.m. Plaintiff seeks damage recovery in the amount of $1,792.17, her total cost of automotive repairs she incurred as a result of the January 11, 2010 incident. The roadway area where plaintiff's damage event occurred was apparently located within the project limits of a working construction zone. The filing fee was paid.

{¶ 2} Defendant acknowledged the roadway area where plaintiff's incident occurred was within the limits of a working construction project under the control of ODOT contractor, John R. Jurgensen Company (Jurgensen). Defendant explained the

particular construction project "dealt with widening I-75 between Cincinnati-Dayton Road and SR 122 in Butler and Warren Counties." According to defendant, the construction project limits "corresponds (to) state mileposts 21.0 to 32.0" on Interstate 75 and plaintiff's damage incident occurred at milepost 29.0, a location within the construction area limits. Defendant asserted that this particular construction project was under the control of Jurgensen and consequently ODOT had no responsibility for any damage or mishap on the roadway within the construction project limits. Defendant argued that Jurgensen, by contractual agreement, was responsible for maintaining the roadway within the construction zone. Therefore, ODOT contended that Jurgensen is the proper party defendant in this action. Defendant implied that all duties such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. Furthermore, defendant contended that plaintiff failed to introduce sufficient evidence to prove her damage was proximately caused by roadway conditions created by ODOT or its contractors. All construction work was to be performed in accordance with ODOT requirements and specifications and subject to ODOT approval. Also evidence has been submitted to establish that ODOT personnel were present on site conducting inspection activities.

{¶ 3} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14

Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 4} Defendant had the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contentions that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with the particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

{¶ 5} Alternatively, defendant denied that neither ODOT nor Jurgensen had any notice of the particular pothole prior to plaintiff's property damage event. Defendant pointed out that ODOT records "indicate no calls or complaints were received regarding a pothole prior to Plaintiff Williams' incident." Defendant advised, "[i]t should be noted that this portion of I-75 has an average daily traffic volume between 72,320 and 119,250, however, no other complaints were received (regarding a roadway defect) prior to plaintiff's alleged incident." Defendant contended plaintiff failed to offer any evidence of negligent roadway maintenance on the part of ODOT and failed to produce evidence to establish her property damage was attributable to conduct on either the part of ODOT or Jurgensen.

{¶ 6} Defendant submitted a letter from Jurgensen Safety Manager, Travis Roberts, who recorded Jurgensen was notified of a pothole "on NB I-75 near SR-122" by the Ohio State Highway Patrol at approximately 9:00 p.m. on January 14, 2010. According to Roberts, that pothole was promptly patched by Jurgensen and ODOT personnel. Roberts denied the pothole located at milepost 29.0 that plaintiff's vehicle struck was never reported to Jurgensen. Roberts attached copies of handwritten records regarding work performed on the project on January 8, 2010 and January 11,

2010. These records do not reference any potholes being reported. Another submitted record (Long Term Work Zone Review) for Interstate 75 dated January 11, 2010 does not reference the presence of any potholes on the roadway.

{¶ 7} Plaintiff filed a response pointing out the problems with potholes within the construction project limits on Interstate 75 were "well known" and consequently, both ODOT and Jurgensen "had notice of potholes within the area" of milepost 29.0. Plaintiff submitted a copy of a local website report that noted pothole problems on Interstate 75 and related repair efforts would cause traffic delays on Friday, January 15, 2010 and Saturday, January 16, 2010. The website report contained information that "almost a dozen" motorists had filed incident reports with the local Ohio State Highway Patrol regarding automotive damage "due to the large pothole." The time and date of the first report was not recorded. The approximate location of the pavement defect was reported to be on "northbound I-75 between Monroe and Middletown."

{¶ 8} In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from an unreasonable risk of harm is the precise duty owed by ODOT to the traveling public under both normal traffic and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462.

{¶ 9} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶ 10} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general

sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. There is no evidence that defendant had actual notice of the pothole condition. Therefore, in order to recover plaintiff must produce evidence to prove constructive notice of the defect or negligent maintenance.

{¶ 11} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard.*

{¶ 12} The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶ 13} In order for there to be constructive notice, plaintiff must show sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD . Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. No evidence has shown ODOT had constructive notice of the pothole.

{¶ 14} Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Plaintiff has failed to prove that her damage was proximately caused by any negligent act or omission on the part of ODOT or its agents. See *Wachs v. Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2005-09481-AD, 2006-Ohio-7162; *Nicastro v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-09323-AD, 2008-Ohio-4190.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JORDAN N. WILLIAMS

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-02502-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Carl E. Knochelmann, Jr.
526 Greenup Street
Covington, Kentucky  41011

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street

Columbus, Ohio  43223

RDK/laa
4/27
Filed 5/5/10
Sent to S.C. reporter 9/2/10